UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER, a/k/a SONNY BARGER, II, a/k/a GARY FRANCIS FISHER (CDCR # F85263),<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>Defendants. | Case No. 19-cv-02178-EMC<br><br>**ORDER OF DISMISSAL**<br><br>Docket Nos. 4, 10, 13 |

On June 7, 2019, the Court ordered Plaintiff, Gary Dale Barger, a/k/a Sonny Barger, II, a/k/a Gary Francis Fischer, to show cause by July 5, 2019, why this action should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The order identified five prior dismissals that appeared to count under § 1915(g), stated that Plaintiff did not appear to be under imminent danger of serious physical injury when he filed the complaint, and ordered Plaintiff to show cause why pauper status should not be denied and the action should not be dismissed. The order further stated that Plaintiff also could avoid dismissal by paying the filing fee by the deadline.

Plaintiff filed a response on June 27, 2019. Docket No. 13. In his response, Plaintiff claimed that he was beaten on November 27, 2013 in a cell fight at New Folsom State Prison – apparently trying to show that he was in imminent danger. Plaintiff's response fails to plausibly

allege that he is "under imminent danger of serious physical injury" so that he may avoid a dismissal under § 1915(g). He does not explain how the alleged beating in 2013 put him in imminent danger when he filed this action more than five years later and while housed at a different prison. *See generally Andrews v. Cervantes*, 493 F.3d 1047, 1053 & n.5 (9th Cir. 2007) (whether imminent danger exists is to be determined at the time of filing the complaint; the conditions that existed at some earlier or later time are not relevant).

Each of the five earlier dismissals identified in the order to show cause counts as a dismissal for § 1915(g) purposes. Plaintiff did not pay the filing fee, did not show that any of the prior dismissals could not be counted under § 1915(g), does not appear to have been under imminent danger of serious physical injury at the time he filed this action, and did not otherwise show cause why this action could not be dismissed. For the foregoing reasons, Plaintiff's *in forma pauperis* application is **DENIED**. Docket No. 10. This action is **DISMISSED** for failure to pay the filing fee. The dismissal is without prejudice to Plaintiff asserting his claims in a new complaint for which he pays the full filing fee at the time he files that action.

In light of the dismissal of this action, Plaintiff's "motion to be heard" is **DISMISSED** as moot. Docket No. 4.

The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: August 9, 2019

_____
EDWARD M. CHEN
United States District Judge